IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. H-02-633-02 |
| | § | |
| RUDY RUDOLPH, | § | (Civil Action No. H-05-0699 |
| | § | |

## **MEMORANDUM AND ORDER**

The defendant, Rudy Rudolph, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Criminal Docket No. 148). The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court concludes that the motion must be denied for reasons set forth below.

**I.   BACKGROUND**

Rudolph pleaded guilty pursuant to a written plea agreement on December 12, 2002, to one count of mail fraud and aiding and abetting mail fraud in violation of 18 U.S.C. §§ 1341 and 2. Based on the presentence report (the "PSR") prepared by the Probation Office, the Court sentenced Rudolph on October 23, 2003, to serve 60 months of imprisonment followed by 3 years' supervised release. (Criminal Docket No. 90). The Court also ordered that Rudolph and a co-defendant were jointly and severally liable for restitution in the amount of $465,806 to three creditors. Rudolph did not file an appeal.

Rudolph filed his motion for relief under 28 U.S.C. § 2255 on February 20, 2005.[1] In three related grounds, Rudolph complains that he was denied effective assistance of counsel because his attorney, Bryon Watson, failed to perfect and file a direct appeal. Specifically, Rudolph complains that Watson failed to object at sentencing to the amount of restitution ordered by the Court or to pursue an appeal based on the objections that he did raise to certain unidentified enhancements used to increase the sentence. For reasons discussed more fully below, Rudolph is not entitled to relief.

**II.    DISCUSSION**

The motion must be denied because Rudolph waived the right to appeal or otherwise challenge his conviction or sentence collaterally pursuant to a written plea agreement. (Criminal Docket No. 39, ¶ 10). It is well settled that an informed and voluntary waiver of post-conviction relief under 28 U.S.C. § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). It is undisputed by Rudolph that he entered his guilty plea along with sworn attestations in writing and in open court, stating that he understood the plea agreement and that he freely and voluntarily agreed to its terms. (Docket Entry No. 39).

---

[1]  The Clerk's Office received the motion on February 25, 2005, but the pleadings indicate that Rudolph placed them in the prison mail system on February 20, 2005. Because it appears plain that Rudolph is not entitled to the relief that he seeks, the Court does not reach the issue of whether the motion is barred by the one-year statute of limitations governing proceedings filed under 28 U.S.C. § 2255, other than to note that the motion is not timely.

The Court notes that Rudolph's motion includes allegations of ineffective assistance of counsel. The Fifth Circuit has held that a waiver of appeal may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered the waiver unknowing and involuntary. *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). Unless the alleged ineffective assistance "directly affected" the validity of the waiver or the plea itself, however, the claim for ineffective assistance of counsel is waived.[2] *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Rudolph does not challenge the validity of his guilty plea or his decision to waive collateral review. Nor does Rudolph allege or show that the sentence imposed exceeded the statutory maximum. *See United States v. Hollins*, No. 02-21040, 2004 WL 963250, at *2 (5th Cir. May 4, 2004) (recognizing an exception to the enforcement of a § 2255 waiver where the sentence facially exceeds the statutory limit). Because he does not attack the validity of his guilty plea or the waiver, and he does not otherwise fit within an exception to the enforcement of a valid waiver, Rudolph's claims are foreclosed by the written plea agreement.

---

[2] In that regard, every Circuit to have addressed the issue has held that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to attack the sentence in a collateral proceeding through a claim of ineffective assistance of counsel. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. White*, 307 F.3d 336, 341-44 (5th Cir. 2002); *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2d Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183-87 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002); *Mason v. United States*, 211 F.3d 1065, 1069-70 (7th Cir.2000), *cert. denied*, 531 U.S. 1175 (2001). A contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless. *See Williams*, 396 F.3d at 1342.

**III.    CERTIFICATE OF APPEALABILITY**

The defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253.  Thus, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, — U.S. —, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

4

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all the reasons set forth above, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim, or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

**IV. CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the defendant is not entitled to the relief that he seeks and **ORDERS** as follows:

1. The defendant's § 2255 motion (Criminal Docket No. 148) is **DENIED** and the corresponding civil action (H-05-0669) is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

3. A separate final judgment will issue.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **March 9, 2005**.

_____
Nancy F. Atlas
United States District Judge

5

Case 4:05-cv-00669   Document 2   Filed on 03/09/05 in TXSD   Page 6 of 6